| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 17-4316 |
| 3705 IBERVILLE LLC, ET AL., **Defendants** | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court are the following cross motions for summary judgment: (1) Plaintiff's motion for summary judgment, filed September 15, 2018[1] and (2) Defendants' motion for partial summary judgment, filed September 18, 2018.[2] Both motions are opposed.[3] Plaintiff filed a reply in support of its motion.[4]

## FACTUAL & PROCEDURAL BACKGROUND

This case involves the publication and broadcast of a television program, the "Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program," ("Mayweather-Maidana Fight") which aired on Saturday, May 3, 2014. Plaintiff J&J Procudctions, Inc. ("J&J") held the exclusive right to distribute and broadcast nationwide the closed-circuit television signals for the event.[5] J&J is a distributor of closed circuit pay-per view boxing and special events.[6] Plaintiff alleges Defendants 3705 Iberville LLC d/b/a Samuel's Blind Pelican a/k/a the Blind Pelican

---

[1] R. Doc. 53.
[2] R. Doc. 54.
[3] R. Doc. 62 (Defendants' opposition to Plaintiff's motion for summary judgment); R. Doc. 59 (Plaintiff's opposition to Defendants' motion for summary judgment); R. Docs. 66-67 (Plaintiff's amended opposition).
[4] R. Doc. 65.
[5] R. Doc. 53-1 at 1; R. Doc. 62-1 at 2.
[6] R. Doc. 1 at ¶ 10.

a/k/a Samuels Blind Pelican Taco and Beer a/k/a Samuels Avenue Beer Pub ("the LLC"), Karen Brown, and Steven Seeber ("the Defendants") broadcast the Mayweather-Maidana Fight without the right to do so.[7] Defendants Seeber and Brown are members of the LLC and managers of the establishment the Blind Pelican.[8]

Plaintiff moved for summary judgment against all Defendants on the issues of liability and the award of enhanced statutory damages.[9] Defendants admitted summary judgment should be granted on the liability of the LLC and Defendant Seeber but opposed the summary judgment motion on the liability of Defendant Brown and the amount of damages.[10] Plaintiff filed a reply.[11] Defendants moved for summary judgment on the issues of the enhanced statutory damages and the liability of Defendant Brown.[12] Plaintiff opposed the motion on both issues.[13]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "An issue is material if its resolution could affect the outcome of the action."[15] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[16] All reasonable inferences are drawn in favor of the non-moving party.[17]

---

[7] R. Doc. 1 at ¶¶ 13-14.
[8] R. Doc. 53-1 at 2-3; R. Doc. 62-1 at 2.
[9] R. Doc. 53.
[10] R. Doc. 62 at 3.
[11] R. Doc. 65.
[12] R. Doc. 54.
[13] R. Doc. 59; *see also* R. Docs 66-67 (Plaintiff's amended opposition).
[14] FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322–23.
[15] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[17] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[18]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[20] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary

---

[18] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[19] *Celotex*, 477 U.S. at 322–24.
[20] *Id.* at 331–32 (Brennan, J., dissenting).

judgment must be denied.[21] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[22] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[23]

## LAW AND ANALYSIS

### I. Summary Judgment on Liability

J&J moves for summary judgment against all Defendants, arguing they are liable under 47 U.S.C. §605 for the unauthorized publication or use of communications.[24] 47 U.S.C. §605(a) imposes strict liability against a person who receives, assists in receiving, transmits, or assists in transmitting any satellite communication and divulges or publishes the contents through an unauthorized channel of transmission or reception.[25] "Any person aggrieved" by the unauthorized publication or use of communications may bring a civil action in a United States district court.[26]

---

[21] *See id.* at 332.
[22] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[24] R. Doc. 53.
[25] 47 U.S.C. §605(a).
[26] 47 U.S.C. §605(e)(3)(A).

Generally, the members of a limited liability company are immune from liability for the limited liability company's debts, obligations, and liabilities.[27] However, a member of a limited liability company may be held liable in her individual capacity if she commits fraud, breaches a professional duty, or performs a negligent or wrongful act against another.[28] Specifically, to lose limited liability, the member must perform an act that either is outside her capacity as a member or, if done as a member, "also violate(s) some personal duty owed by the individual to the injured party."[29] Defendants admit summary judgment is proper as to the liability of the LLC and Steven Seeber[30] but move for summary judgment arguing that Defendant Karen Brown is not personally liable.[31]

### a. Summary Judgment on the Liability of the LLC and Defendant Steven Seeber Is Granted

It is undisputed that J&J held the exclusive right to transmit and broadcast the closed-circuit signal for the Mayweather-Maidana Fight to commercial and business entities.[32] It is undisputed that neither the LLC nor Defendants Seeber and Brown paid for the right to receive and broadcast the Mayweather-Maidana Fight at the Blind Pelican.[33] It is also undisputed that the LCC and Defendant Seeber knew the Mayweather-Maidana Fight would be shown at the Blind Pelican.[34] It is undisputed that the fight was aired on a large flat screen television on the premises of the Blind Pelican and that the

---

[27] La. R.S. 12:1320.
[28] *Id.*
[29] See *Petch v. Humble*, 939 So.2d 499, 504 (La.App.2d Cir.2006); *see also J&J Sports Prods., Inc. v. Evolution Entm't Grp.*, 2014 WL 3587370, at *2 (E.D. La. July 21, 2014) (Morgan, J.) (adopting the reasoning of *Joe Hand Promotions, Inc. v. Breaktime Bar, LLC*, 2014 WL 1870633, at *2 (W.D. La. May 8, 2014) (finding the member of an LLC was not liable because she did not perform an act that violated some personal duty owed to the injured party)).
[30] R. Doc. 62 at 3.
[31] R. Doc. 54.
[32] R. Doc. 53-1 at 1; R. Doc. 62-1 at 2.
[33] R. Doc. 53-1 at 3; R. Doc. 62-1 at 2.
[34] R. Doc. 53-1 at 4; R. Doc. 62-1 at 2.

5

television signal for the fight was transmitted by DirecTV, Inc., which is a satellite television signal carrier.[35] Further, Defendants admit summary judgment should be granted as to the LLC and Defendant Seeber on the issue of liability.[36]

J&J has demonstrated it is entitled to summary judgment on the issue of the liability of the LLC and Steven Seeber because they received or assisted in receiving the fight through an unauthorized channel of satellite reception.[37] Because Seeber committed a wrongful act, he is personally liable.[38] Since there is no genuine dispute of material fact and J&J has demonstrated it is entitled to judgment as a matter of law, Plaintiff's motion for summary judgment[39] is granted on the liability of the LLC and Steven Seeber.

### b. Summary Ludgment on the Personal Liability of Defendant Karen Brown Is Denied

The parties dispute whether Karen Brown is personally liable for the LLC's unauthorized publication or use of the Mayweather-Maidana Fight. Both J&J and Brown have moved for summary judgment on the issue of Defendant Brown's liability.[40] There are material facts in dispute with respect to whether Defendant Brown breached some personal duty owed to J&J or committed a wrongful act against J&J such that she is personally liable. It is undisputed that Karen Brown is a member of the LLC and a manager of the Blind Pelican.[41] It is also undisputed that Karen Brown was not aware of the means of transmission of the signal for the Mayweather-Maidana Fight, was not aware of how much was paid for the TV signal, and did not personally set up the TV screen or

---

[35] R. Doc. 53-1 at 3-4; R. Doc. 62-1 at 2.
[36] R. Doc. 62 at 3.
[37] 47 U.S.C. §605(a).
[38] *See* La. R.S. 12:1320.
[39] R. Doc. 53; R. Doc. 62.
[40] R. Doc. 53; R. Doc. 54.
[41] R. Doc. 53-1 at 3; R. Doc. 62-1 at 2.

projection equipment or control the equipment at the time in question.[42] However, the parties dispute whether Karen Brown knew J&J's program was going to be shown on the Blind Pelican's premises on May 3, 2014[43] and whether Karen Brown authorized any piracy of the Mayweather-Maidana Fight.[44] The parties also dispute Brown's level of involvement in the day to day operations of the Blind Pelican.[45]

Because there are material facts in dispute related to Defendant Brown's personal liability for the acts of the LLC, the cross summary judgment motions[46] are denied on the liability of Defendant Brown.

## II. Summary Judgment on the Award of Enhanced Statutory Damages Is Denied

J&J moves for summary judgment against all Defendants, arguing Defendants should be assessed enhanced statutory damages for a willful violation of 47 U.S.C. § 605.[47] Defendants move for summary judgment on the same issue, arguing the circumstances surrounding the display of the Mayweather-Maidana Fight do not warrant an award of enhanced statutory damages.[48]

Under 47 U.S.C. § 605, a private party such as J&J may recover either its actual damages or statutory damages, as well as full costs and reasonable attorneys' fees.[49] The Court may in its discretion award statutory damages for each violation of § 605(a) in the amount of $1,000 to $10,000, "as the court considers just."[50] If the Court finds that "the violation was committed willfully and for purposes of direct or indirect commercial

---

[42] R. Doc. 54-7; R. Doc. 66 at 1.
[43] R. Doc. 67 at 2.
[44] R. Doc. 54-7 at 1; R. Doc. 66 at 1.
[45] R. Doc. 67 at 1.
[46] R. Doc. 52; R. Doc. 54.
[47] R. Doc. 53.
[48] R. Doc. 54.
[49] 47 U.S.C. § 605(e)(3).
[50] 47 U.S.C. § 605(e)(3)(C)(i)(II).

advantage or private financial gain," the Court may "increase the award of damages . . . by an amount of not more than $100,000 for each violation."[51]

In deciding whether enhanced statutory damages are warranted, courts consider many factors, including "[1] the number of televisions on which the defendants broadcast the program, [2] the food and beverages sold to customers, [3] whether there was a cover charge, [4] whether it was broadcast in an urban area where the broadcast would have had more than a minimal impact,"[52] [5] the number of violations committed by the defendant, [6] the defendant's unlawful monetary gains, and [7] whether the defendant advertised for the event.[53]

It is undisputed that one large flat screen television on the premises of the Blind Pelican was on and tuned into the Mayweather-Maidana Fight and that approximately twenty-one to twenty-seven people were present at the Blind Pelican during the fight.[54] It is also undisputed that during the fight, the Blind Pelican sold food and alcoholic beverages,[55] and that the Blind Pelican did not charge a premium for food and beverages during the fight.[56] The parties do not dispute that the Blind Pelican did not require a cover charge for admission during the Mayweather-Maidana Fight, nor do they dispute that the LLC has never previously been accused of TV signal piracy prior to the alleged incident.[57] It is similarly undisputed that the population of New Orleans approaches 345,000

---

[51] 47 U.S.C. § 605(e)(3)(C)(ii).
[52] *J&J Sports Prods., Inc. v. Guiseppe's Bistro, LLC*, 2015 WL 1540364, at *5 (E.D. La. 2015) (citing *Time Warner Cable of N.Y.C. v. Taco Rápido Rest.*, 988 F.Supp. 107, 111–12 (E.D.N.Y.1997); *Joe Hand Promotions, Inc. v. Chios, Inc.*, 2012 WL 3069935, at *6 (S.D.Tex. July 27, 2012), aff'd, 544 F. App'x 444 (5th Cir.2013)).
[53] *Integrated Sports Media, Inc. v. El Guadalajara, Inc.*, 2011 WL 4434165, at *2 (E.D.N.Y. Aug. 30, 2011); *Joe Hand Promotions, Inc. v. Kaczmar*, 2008 WL 4776365, *2 (N.D.Ill. Oct.29, 2008);
[54] R. Doc. 53-1 at 4; R. Doc. 62-1 at 2; R. Doc. 54-7 at 2; R. Doc. 66 at 2.
[55] R. Doc. 53-1 at 4-5; R. Doc. 62-1 at 2.
[56] R. Doc. 54-7 at 2; R. Doc. 66 at 2.
[57] R. Doc. 54-7 at 2; R. Doc. 66 at 2.

people.⁵⁸ However, the parties dispute whether the Blind Pelican advertised that it would display the Mayweather-Maidana Fight.⁵⁹ The parties also dispute whether the LLC engaged in sales or received profit attributable to the Mayweather-Maidana Fight.⁶⁰ Additionally, J&J argues that Defendants' actions during litigation demonstrate a willful violation.⁶¹ J&J alleges the "elaborate effort by the defendants to hide the facts" suggests that Defendants' violation of 47 U.S.C. § 605 was willful.⁶²

The Court finds genuine issues of material fact exist as to whether "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."⁶³ The alleged evasive measures by Defendants to avoid producing evidence, the disputed fact of whether the Blind Pelican advertised that it would display the fight, and the disputed fact of whether the LLC engaged in sales or received profit attributable to the fight are genuine issues of material fact relating to the "willfulness" of Defendants' violation. Therefore, the cross motions for summary judgment⁶⁴ are denied on the award of enhanced statutory damages.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by Plaintiff J&J Productions is **GRANTED IN PART** as to the liability of Defendants 3705 Iberville LLC d/b/a Samuel's Blind Pelican a/k/a the Blind Pelican a/k/a Samuels Blind Pelican Taco and Beer a/k/a Samuels Avenue Beer Pub and Steven Seeber and **DENIED IN PART** as to the liability of Defendant Karen Brown.

---

⁵⁸ R. Doc. 53-1 at 5; R. Doc. 62-1 at 2.
⁵⁹ R. Doc. 54-7; R. Doc. 66 at 2.
⁶⁰ R. Doc. 53-1 at 2; R. Doc. 66 at 6.
⁶¹ R. Doc. 65 at 6.
⁶² *Id.*; R. Doc. 67.
⁶³ 47 U.S.C. § 605(e)(3)(C)(ii).
⁶⁴ R. Doc. 53; R. Doc. 54.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Plaintiff J&J Productions is **DENIED IN PART** as to the award of enhanced statutory damages.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants is **DENIED**.

**New Orleans, Louisiana, this 18th day of October, 2018.**

                                                **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**